# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## BALTIMORE DIVISION

| | |
|---|---|
| **U.S. Equal Employment Opportunity Commission,**<br>     10 S. Howard Street, 3rd Floor<br>     Baltimore, MD 21201,<br><br>            **Plaintiff,**<br><br>      v.<br><br>**Plastipak Packaging Inc.,**<br>     1801 Clark Road<br>     Havre de Grace, MD 21078<br><br><br><br>            **Defendant.** | **Civil Action No.**<br><br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Carrie Vargas (Vargas) who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Plastipak Packaging, Inc. ("Plastipak") unlawfully discriminated against Vargas by terminating her employment in retaliation for complaining of sexual harassment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(l) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(l) and (3) ("Title

VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(l) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(l) and (3).

4. At all relevant times, Defendant Plastipak has continuously been a Delaware Corporation doing business and operating within the State of Maryland with at least fifteen (15) employees operating a plastics manufacturing facility in Havre de Grace, Maryland.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. § 2000e(b)(g), and (h).

6. At all relevant times, Defendant and a temporary employment agency jointly employed Vargas within the meaning of Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h):

    a. Defendant had authority to hire and fire Vargas and exercised this authority.

    b. Defendant had day-to-day supervision of Vargas including employee discipline.

    c. Defendant furnished Vargas with her equipment and place of work.

    d. Defendant provided Vargas with formal and informal training.

    e. Vargas' duties were akin to the duties of Defendant's regular employees.

    f. Vargas was assigned solely to Defendant.

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Vargas filed a charge with the Commission alleging violations of Title VII by Defendant.

8. On July 27, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On September 22, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

13. Since at least March 2014, Defendant has engaged in unlawful employment practices in violation of Section 704(a)(l) of Title VII, 42 U.S.C. § 2000e-3(a)(l).  These practices include terminating Vargas for complaining of sexual harassment:

    a. Vargas, assigned to Defendant by a temporary employment agency, worked for Defendant as a materials handler at its Havre de Grace location.

    b. Defendant assigned Vargas to work with Derek McCoy, a permanent employee.

    c. McCoy attempted to establish a sexual relationship with Vargas, but Vargas rejected him.

    d.    Following the rejection, McCoy began a campaign of reporting Vargas to their supervisor for alleged work rule infractions.

    e.    McCoy's reports were typically false.

    f.    On or about June 24, 2014, Vargas informed her immediate supervisor that she believed that McCoy was sexually harassing her.

    g.    The following morning, on or about June 25, 2014, Defendant notified the temporary employment agency which initially had assigned Vargas to Defendant that Defendant had terminated Vargas as doing so was in Vargas' "best interest."

    h.    The termination was in retaliation for Vargas' engaging in activities protected under Title VII.

14.    The effect of the practices complained of above in Paragraph 13 has been to deprive Vargas of equal employment opportunities and otherwise adversely affect her status as an employee because of her engaging in protected activity.

15.    The unlawful employment practices complained of above were intentional.

16.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Vargas.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in reprisal or retaliation against any person who engages in protected activity under Title VII;

B.      Order Defendant to institute and carry out policies, practices, and programs which prevent retaliation against persons who have engaged in protected activities under Title VII;

C.      Order Defendant to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not take any action against employees because they have exercised their rights under Title VII;

D.      Order Defendant to make Vargas whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement;

E.      Order Defendant to make Vargas whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13 above;

F.      Order Defendant to make Vargas whole by providing compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

G.      Order Defendant to pay Vargas punitive damages for its callous indifference to her federally protected right to be free from retaliation for engaging in activities protected by Title VII;

H.      Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not retaliate against employees for engaging in acts prohibited by Title VII;

I.  Grant such further relief as the Court deems necessary and proper in the public interest; and

J.  Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

        Respectfully submitted,

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        DEBRA M. LAWRENCE
        Regional Attorney

        /S
        _____
        MARIA SALACUSE
        Supervisory Trial Attorney
        Federal Bar No. 15562

        /S
        _____
        ERIC S. THOMPSON
        Trial Attorney
        Ohio Bar No. 0071956

        UNITED STATES EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        Baltimore Field Office

10 S. Howard Street
3rd Floor
Baltimore, Maryland 21201
Phone: (410) 209-2232
Fax: (410) 962-4270