```
                                               _____ FILED      _____ ENTERED
                                               _____ LOGGED     _____ RECEIVED
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAN 2 5 2018

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>               Plaintiff,<br>v.<br><br>PLASTIPAK PACKAGING, INC.,<br><br>               Defendant. | Civil Action No. 1:16-cv-03278-ELH |

## CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant Plastipak Packaging, Inc. ("Defendant" or "Plastipak"), alleging Defendant violated Section 704(a)(l) of Title VII, 42 U.S.C. § 2000e-3(a) by terminating the employment of Carrie Vargas for opposing an employment practice made unlawful by Title VII.

The Commission and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of Title VII. Defendant denies the claims of discrimination and any other wrongdoing alleged by the EEOC.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and Title VII. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is ORDERED, ADJUDGED AND DECREED:

### Scope of Decree

1. This Decree resolves all issues and claims in the Complaint filed by the Commission in this Title VII action, which emanated from the Charge of Discrimination filed by Carrie Vargas. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the Commission sees fit.

2. The Decree shall be in effect for a period of three years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

3. The terms of this Decree shall be limited to Defendant's Havre De Grace facility and any Human Resources staff responsible for that facility as the occurrence at issue is confined to this facility.

4. This Decree, being entered with the consent of EEOC and Defendant, shall not constitute an adjudication or finding on the merits of the case.

<u>Monetary Relief</u>

5. Within thirty days of entry of this Decree, Defendant shall pay Carrie Vargas monetary relief in the total amount of $90,000.00, representing $29,552.16 in back pay and front pay (future wages) and $60,447.84 in non-pecuniary compensatory damages. Defendant will issue Vargas an IRS Form 1099 for the 2018 tax year compensatory damages amount and an IRS W-2 form for the 2018 tax year back and front pay amount. Defendant shall make all legally required withholdings from the back and front pay amount and required employee contributions under FICA. Defendant's required employer contributions under FICA are separate from, and shall not be deducted from, the portion of the payment representing back

pay.

6. Within five days of the execution of the Decree, the EEOC shall provide Defendant with Vargas' current address. The check will be sent directly to Vargas. A photocopy of the check and related correspondence will be emailed to the EEOC, Baltimore Field Office, George H. Fallon Federal Building, 31 Hopkins Plaza, Suite 1432, Baltimore, MD 21201, Attention: Eric S. Thompson, Eric.Thompson@eeoc.gov.

7. Defendant shall provide Vargas, within ten (10) days of the date of entry of this Decree, with a positive letter of reference, on Defendant's letterhead setting forth, at minimum, the following: her dates of employment, position, job duties, and describing at least three (3) positive job-related attributes demonstrated by her in her former capacity. In response to any inquiry received by Defendant's Human Resources Department concerning Vargas from a potential employer, headhunter, or other person inquiring about Vargas' employment history, Defendant's Representative Darlene Chapman shall provide the information contained in the positive letter of reference. The letter shall be authored by Defendant's representative Darlene Chapman. Defendant shall submit the letter to Counsel for the EEOC for approval prior to issuance. Defendant will not condition the receipt of individual relief upon Vargas' agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case or (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency based on any future action occurring after the date of the entry of the Consent Decree.

## Injunctive Relief

8. Defendant, its officers, agents, employees and all other persons acting on its behalf and interest are hereby enjoined from retaliating against employees who report sexual harassment and otherwise discriminating against any individual because the individual opposed

any act or practice made unlawful by Title VII, including the following provision:

> It shall be an unlawful employment practice for an employer to discriminate against… any individual because he has opposed any practice made an unlawful employment practice by this subchapter. Title VII, Section 704(a).

### Written Policies & Procedures

9.  Within 30 days of the entry of this Decree, Defendant will implement and maintain a detailed policy against sexual harassment and retaliating against employees who report harassment.

10.  The policy required by Paragraph 9, above, shall include at least the following content: (a) a description of the conduct prohibited by Title VII, including sexual and other forms of harassment; (b) a discussion of the meaning of the term retaliation including retaliation based on opposition and retaliation based on participation; (c) a statement that opposition to an action by the employer is protected activity if the employee reasonably believes that the employer's actions are unlawful even in cases where the actions are in fact lawful; (d) a statement that employees who report discrimination, including harassment, will be protected against retaliation; (e) a discussion of the meaning of the term "harassment" which makes clear that harassment based on disability, gender, sex (including sex stereotyping and pregnancy), age, religion, race, color, national origin and genetic information is unlawful; (f) a definition of harassment including examples of conduct that constitutes harassment; (g) a discussion of the meaning of the term "sexual harassment" including examples of conduct that constitutes sexual harassment; (h) a statement that Plastipak's corporate culture is a culture of mutual respect between employees and Plastipak reserves the right to discipline unprofessional sexual conduct

even if it does not meet the legal definition of harassment; (i) a statement of the importance of interactive communication with employees who believe they have witnessed and/or experienced harassment; (j) the establishment of a convenient and reliable means for reporting harassment that designates at least two separate and independent company officials as responsible for receiving harassment complaints. One method for reporting harassment may be a hotline; (k) the establishment of a means for disseminating the necessary contact information for reporting suspected harassment; (l) an assurance that Defendant will do as much as possible to protect the confidentiality of harassment complaints; (m) a statement about investigating reports of harassment; (n) a statement about responding in the event it is determined that harassment has occurred; (o) an assurance that the employer will take immediate and proportionate corrective action when it determines that unlawful harassment has occurred: and (p) a statement that it is applicable to interactions between co-workers that occur over social media.

    11.    The Policy required by Paragraph 9, above, shall also provide for the restoration of any lost terms, conditions or benefits of employment to the complaining employee.

    12.    Defendant will distribute a copy of the written policies and procedures described in this Section to all employees within 30 days of the entry of this Decree.

Notice and Posting

    13.    Defendant will display and maintain the EEOC poster in each of its facilities and in each location where its employees are assigned on a temporary basis, in a place where notices to employees of Defendant are customarily posted.

    14.    Within 30 days of the entry of this Decree, Defendant will display and maintain where notices to employees are customarily posted a remedial Notice pursuant to this Decree, a copy of which is annexed as Appendix A, printed on EEOC letterhead and signed by

Defendant's Plant Manager.

### Anti-Discrimination Training

15. Within four months from the entry of this Decree, Defendant shall provide at least 3 hours of training on Title VII for all supervisory and management employees and 1.5 hours of training for all other employees. Within two years from the entry of this Decree Defendant shall provide a second training of three hours on Title VII to any newly hired supervisory and management employees and 1.5 hours of training to any newly hired employees. The training will cover the policy required by paragraph 9, as well as non-retaliation and sexual harassment awareness. The training will make clear that the purpose of the training is to promote employee wellbeing by emphasizing that mutual respect is a key element of Plastipak's corporate culture; debunk common misconceptions about sexual harassment; train employees to recognize unacceptable behavior; and train employees to respond appropriately when they are bystanders to unacceptable behavior. The trainer shall not state that the purpose of the training is to promote legal compliance. Such trainings may be completed in or over multiple sessions and/or for separate groups of employees as business needs require.

    a. The training shall be conducted by an experienced trainer who is capable of presenting non-retaliation and sexual harassment awareness as an essential element of employee wellbeing and a corporate culture of mutual respect. The trainer shall also have experience training bystanders to respond to unacceptable workplace behavior and debunking common misconceptions about sexual harassment. The trainer shall be selected by Defendant and approved by the EEOC.

    b. Within ten business days of completing this training Defendant will furnish the EEOC with written documentation, including a signed attendance list, confirming that

6

Defendant has complied with the training requirement set forth in paragraph 15 and its subparts.

## Monitoring Provisions

16. For the duration of this Decree, Defendant shall maintain records of all instances in which an employee reported to Human Resources unlawful sexual harassment or retaliation for engaging in protected activities. If any such report is made, within three months of the entry of this Decree, and within 18 months of entry of this Decree Defendant shall provide the EEOC with a written report for the time period containing, the name, address, and telephone number of the person who reported unlawful harassment or retaliation for engaging in protected activities, the nature of the harassment or retaliation reported and a statement of the outcome of the investigation including any disciplinary actions taken against the harasser or person who engaged in retaliation and any restorative actions taken in favor of the complaining employee. A final report shall be sent to EEOC 15 business days before the date of the expiration of this Decree.

17. All materials required by this Decree to be sent to the EEOC shall be addressed to:

> Eric S. Thompson, Trial Attorney
> Equal Employment Opportunity Commission
> Baltimore Field Office
> 10 S. Howard Street, 3rd Floor
> Baltimore, MD 21201
> Eric.Thompson@eeoc.gov

18. All materials or any notice required by this Decree to be sent to the Defendant shall be addressed to:

> Larry Seegull
> Jackson Lewis PC
> 2800 Quarry Lake Drive, Suite 200
> Baltimore, MD 21209

7

410-415-2004 (Office)
410-415-2001 (Fax)
larry.seegull@jacksonlewis.com

19. The Commission and Defendant shall bear their own costs and attorneys' fees.

20. The EEOC has the right to monitor and review compliance with this Decree.

21. If at any time during the term of this Decree, the Commission believes that Defendant is in violation of the Decree in any respect, the Commission shall give notice of the alleged violation to Defendant and work with Defendant in good faith to come in to compliance. Defendant shall have twenty (20) business days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of twenty (20) business days or such additional period as may be agreed upon by them, in which to engage in negotiation in good faith regarding such allegations. If the Defendant has not remedied the alleged non-compliance or satisfied the EEOC that it has complied, the EEOC may thereafter apply to the Court for appropriate relief.

22. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

Respectfully submitted,

FOR PLAINTIFF:

James L. Lee
Deputy General Counsel


/s/ _____

FOR DEFENDANT:


/s/ _____
Larry R. Seegull (Bar No. 22991)
Kathleen A. McGinley (Bar No. 29150)

8

Debra M. Lawrence
Regional Attorney


/s/_____
Maria Salacuse (Bar No. 15562)
Supervisory Trial Attorney


/s/_____
Eric S. Thompson
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, MD 21201
(410) 209-2232 – Telephone
(410) 962-4270 – Facsimile
Eric.Thompson@eeoc.gov

*Counsel for Plaintiff Equal Employment Opportunity Commission*

JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, MD 21209
410-415-2004 (direct)
410-415-2001 (facsimile)
Email: larry.seegull@jacksonlewis.com
Email: kathleen.mcginley@jacksonlewis.com

*Counsel for Defendant Plastipak Packaging, Inc.*


**SO ORDERED.** And, the Clerk is directed to close this case. ELH/KW

Signed and entered this 25th day of January, 2018.

_____
Ellen L. Hollander /KW
Ellen L. Hollander
United States District Court Judge

9

Appendix A



# NOTICE TO EMPLOYEES AND APPLICANTS

This Notice is being posted as part of the resolution of a lawsuit filed by the Equal Employment ("EEOC)" against Plastipak Packaging Inc. ("Plastipak") in the United States District Court for the District of Maryland.

Title VII prohibits employment discrimination based on religion, gender, race, color or national origin. It also prohibits retaliating against employees who make complaints about harassment or other forms of discrimination.

Therefore, in accordance with the applicable law:

**Plastipak WILL NOT engage in any acts or practices made unlawful under Title VII.**

**Plastipak WILL NOT tolerate sexually offensive comments or conduct in the workplace made unlawful under Title VII.**

**Plastipak WILL NOT retaliate against applicants or employees for complaining of or opposing discrimination.**

Plastipak's Discrimination and Harassment Policy requires those persons who believe that they have been subjected to unlawful harassment and/or retaliation to report it to _____ or _____. Plastipak will thoroughly investigate all such complaints with due regard for the privacy of the individuals involved. Any employee who knowingly retaliates against an employee who had complained of discrimination shall be subject to immediate disciplinary action, up to and including discharge.

Individuals are also free to make complaints of employment discrimination directly to the Equal Employment Opportunity Commission's at 10 S. Baltimore, Maryland 21201 or by calling 1-800-669-4000. General information may also be obtained on the Internet at www.eeoc.gov.

_____
Jim Chaplin, Havre de Grace Plant Manager
Plastipak Packaging, Inc.

Date Posted: